JOHN T. GORMAN
Federal Public Defender
District of Guam

KIM SAVO
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
JOSEPH CARLOS TAITANO AGUON



**FILED**
DISTRICT COURT OF GUAM
JUL 18 2005
MARY L.M. MORAN
CLERK OF COURT



IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH CARLOS TAITANO AGUON,<br><br>    Defendant. | )  CR 05-00027<br>)<br>)  DEFENDANT'S OBJECTIONS TO<br>)  PRESENTENCE REPORT<br>)<br>)<br>)<br>)<br>)<br>) |

Defendant, JOSEPH CARLOS TAITANO AGUON, by and through counsel, Kim Savo,

Assistant Federal Public Defender, respectfully submits the following objections to the

presentence report.

**ORIGINAL**

## I. OBJECTIONS TO PRESENTENCE REPORT

Mr. Aguon objects to paragraphs 23, 35-36, and 71, which rely on a base offense level calculation of 20, because he has not sustained a previous conviction for a drug trafficking offense. In February 1999, Mr. Aguon was adjudged guilty of three counts of possession of a schedule II controlled substance as a 3rd degree felony in violation of 9 G.C.A. § 67.401.2(a) under three consolidated Guam Superior Court case numbers CF846-98, CF913-98, and CF914-98.[1] *See* Judgement, CF846-98, attached as Exhibit A. In Guam Superior Court case number CF431-01, pursuant to a plea agreement, Mr. Aguon entered a guilty plea to one count of possession of a schedule II controlled substance as a 3rd degree felony in violation of 9 G.C.A. § 67401.2(a). *See* Judgement, CF431-01, attached as Exhibit B. Thus, the presentence report improperly selects the base offense level for a felon in possession of a firearm as a level 20. The correct base offense level is **14**, because Mr. Aguon was a prohibited person at the time of the instant offense.

It should also be noted that the charges recorded in paragraphs 41 and 42 arise from the very same arrest that led to Mr. Aguon's guilty plea to possession of methamphetamine in local court in Case number CF 431-01, and the instant prosecution for illegal possession of a firearm. They do not reflect separate encounters with law enforcement.

Mr. Aguon requests clarification of facts presented in paragraph 52. It appears that this paragraph pertains to the term of probation imposed subsequent to Mr. Aguon's 1999 conviction

---

[1] *Cf.* 9 G.C.A. § 67.401.1(a) (setting forth the violations for possession of controlled substances with the intent to deliver).

2

in Superior Court. Mr. Aguon requests that the presentence report be amended to reflect whether the positive methamphetamine tests recorded in paragraph 52 occurred prior to Mr. Aguon's incarceration in 2001.

DATED: Mongmong, Guam, July 17, 2005.

/s/ KIM SAVO
KIM SAVO
Attorney for Defendant
JOSEPH CARLOS TAITANO AGUON


RECEIVED
FEB 19 1999
SUPERIOR COURT
OF GUAM

FILED
Feb 25 11 03 AM '99
SUPERIOR COURT
OF GUAM

IN THE SUPERIOR COURT

OF GUAM

ATTORNEY GENERAL'S OFFICE - PROSECUTION DIVISION
2-200E Judicial Center Building
120 West O'Brien Drive
Hagatna, Guam 96910
Tel: (671) 475-3406 / Fax: (671) 477-3360

| | |
|---|---|
| THE PEOPLE OF GUAM ) | CRIM. CASE NO. CF846-98 |
| ) | (GPD Report No. 98-23452) |
| ) | CRIM. CASE NO. CF913-98 |
| vs. ) | (GPD Report No. 97-9202) |
| ) | CRIM. CASE NO. CF914-98 |
| ) | (GPD Report NO. 98-18271) |
| JOSEPH CARLOS TAITANO AGUON ) | |
| DOB: 11/29/51 ) | |
| SSN: 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 ) | |
| ) | |
| Defendant. ) | |

## J U D G M E N T

On January 21, 1999, came the attorney for the People, **BONNIE KAY BRADY**, and the Defendant appearing in person with **MARK SMITH**, counsel, and the Defendant having moved to change his plea of NOT GUILTY to that of GUILTY to three Indictments containing one count each of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony)**, a violation of 9 GCA §§67.401.2 (a) and (b)(1), in **CF846-98, CF913098 and CF914-98**. The Court informed the Defendant of the effect of the plea entered and asked him whether he insists on his plea or not.

The Defendant persisted on his plea of GUILTY to the offense of **three counts of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony)**.

The Court then addressed the Defendant personally and found that the plea is made voluntarily with an understanding of the

nature of the charge and consequences of his plea. The Court further found to its satisfaction that there is a factual basis for the plea.

The Court accepts Defendant's plea of GUILTY and based on plea, a JUDGMENT of GUILTY is hereby entered. Sentencing was held on January 21, 1999. After counsel and Defendant were afforded an opportunity to address the Court, the Court proceeded with sentencing.

**WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that for the three counts of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)**, the defendant, **JOSEPH CARLOS TAITANO AGUON**, shall be sentenced as follows:

1. Three (3) Years at the Department of Corrections, in each case, to be served concurrently, suspended, and with credit for time served to date, however, as a condition of probation, defendant will serve a minimum of six months at the Department of Corrections enrolled in Mary Kolski's Drug Rehabilitation Program, this time will begin upon being sentenced without credit for any previous time served and defendant will not be released prior to successful completion of the program, up to a maximum of nine months;

2. Perform One Hundred fifty (150) hours of community service, to be performed at the direction of the Alternative Sentencing Office or Probation Office;

3. Five Thousand dollar ($5,000) fine, plus court costs, to be paid to the Drug Treatment and Enforcement Fund, pursuant to 9 GCA §80.31.1, to be paid monthly over the probation period or more, defendant may convert this fine to community service at a rate of $5.15 per hour, if he is no longer employed, but must pay or perform community service each and every month;

4. Enrollment and attendance in a drug rehabilitation program at the Department of Mental Health and Substance Abuse or any other drug rehabilitation program approved by the Superior Court. Defendant shall receive two (2) hours credit towards community service for each hour of counseling he attends. If Defendant completes the Drug Treatment program at the Department of Corrections, and providing he continues with any follow-up recommendations throughout his probationary term, that will fulfill this requirement;

5. A Special Probation term of five (5) years, which shall commence upon defendant's plea of guilty;

6. The court hereby recommend the following terms and conditions of Defendant's five years probation be imposed:

   A. Defendant shall report to Department of Mental Health and Substance Abuse for assessment within one (1) week from release from Department of Corrections, unless defendant has satisfied his treatment program at the Department of Corrections;

   B. Defendant shall report to the Probation Office within one week from release from Department of Corrections;

   C. Defendant shall report to the Probation Office, or as recommended by that office in person, and at that time will take a weekly drug test if requested, failure to take a weekly drug test, if requested, will be considered a violation of probation. Failure to show up for a drug test when requested will be considered a violation;

   D. Defendant shall perform one hundred fifty (150) hours of community service work at the direction of the Alternative Sentencing Office;

   E. Defendant stipulates to forfeit any contraband and cash seized to the Guam Police Department for Drug Training, all other non-contraband personal items will be returned to the defendant;

   F. Defendant shall not associate with any felons known to him as felons;

G. Defendant shall stay away from all firearms and other deadly weapons, and under no circumstances is he to possess, carry, transfer, or use any firearms;

H. Defendant shall forfeit his Guam firearm identification card and shall not reapply for another one;

I. Defendant is to surrender his Passport, if any, to the Probation Office;

J. Defendant shall not leave Guam without the approval of the Court or Probation, with prior notice being given to the Office of the Attorney General, Prosecution Division;

K. Defendant shall not possess or consume any illegal controlled substances;

L. Defendant shall submit to random drug testing under the supervision of the Probation Office;

M. Defendant shall permit Probation or Police Officers to search his person, automobile and residence or room where he is residing, for firearms and illegal controlled substances at any time such a search is requested. Failure to allow such a search will be considered a violation of probation, Defendant and his attorney stipulate that a presumptive positive field test for drugs, including the Roche Test Cup and On Trac Systems, will be considered evidence of a probation violation, any failure to take a test when requested will also be considered a violation;

N. Defendant shall make good faith efforts to obtain and maintain legal employment reporting all interviews to Probation on a weekly basis, failure to seek employment or work at community service full time may constitute grounds for revocation of probation;

O. Defendant shall obey all the laws of Guam; and

P. Defendant shall abide by any other reasonable conditions imposed by the Court or the Probation Office.

7. Pursuant to the Plea agreement, the Court hereby dismisses the First Charge of Possession of a Schedule II Controlled Substance With Intent to Deliver (As a 1st Degree Felony), Second Charge of Possession of a Schedule I Controlled Substance with Intent to Deliver (As a 1st Degree Felony), Fourth Charge of Possession of a Concealed Weapon (As a Felony) and Fifth Charge of Possession of a Firearm Without an Identification Card (As a Felony) contained in the Indictment in CF913-98; and the Second Charge of Possession of a Schedule I Controlled Substance (As a Violation) as contained in the Indictment in CF846-98.

8. This matter is set for further proceedings on **JUNE 29, 1999 AT 4:00 P.M.**.

SO ORDERED, NUNC PRO TUNC January 21, 1999, this _____ day of _____, 1999.

FEB 23 1999

HONORABLE ALBERTO C. LAMORENA III
PRESIDING JUDGE
SUPERIOR COURT OF GUAM

SUBMITTED BY:
OFFICE OF THE ATTORNEY GENERAL
PROSECUTION DIVISION

BONNIE KAY BRADY
Assistant Attorney General
Dated: January 22, 1999

APPROVED AS TO FORM:
CHING BOERTZEL CIVILLE & CALVO
A Professional Corporation

MARK SMITH
Attorney for Defendant
Dated: 2/17/99

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam
Dated at Hagatna, Guam
MAY 14 2001
Loretta C. Anderson
Deputy Clerk, Superior Court

ORIGINAL

RECEIVED 9:30 a.m. NOV 0 7 2001
BERMAN O'CONNOR

RECEIVED 2:10 p.m. OCT 10 2001
Law offices of BERMAN O'CONNOR & MA



IN THE SUPERIOR COURT
OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM ) | CRIMINAL CASE NO. **CF431-01** |
| ) | GPD REPORT NO. 01-11746 |
| vs. ) | |
| ) | **JUDGMENT** |
| **JOSEPH TAITANO AGUON**, ) | |
| DOB: 11-29-51 ) | |
| SSN: 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 ) | |
| ) | |
| Defendant. ) | |

On this 12th day of October, 2001, came the attorney for the People of Guam, Assistant Attorney General **LEWIS W. LITTLEPAGE**, and the Defendant appeared with **MARK SMITH, ESQ.**, counsel, for a change of plea hearing, and the Defendant having moved to change his plea of NOT GUILTY to that of GUILTY of the offense of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)**, in violation of 9 GCA 67.401.2(a) and (b)(1), as contained in the Indictment filed in this case.

The Court informed the Defendant of the effect of the plea entered and asked him whether he insists on his plea or not.

The Defendant persisted on his plea of GUILTY of the offense of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)**. The Court then addressed the Defendant personally and found that the plea is made voluntarily with an understanding of the nature of the charge and consequences of his plea. The Court further found to its satisfaction that there is a factual basis for the plea.

Case 1:05-cr-00027    Document 13    Filed 07/18/2005    Page 9 of 15

H:\JUDGMENT\AGUON.JT\jbf

The Court accepts Defendant's plea of GUILTY and based on his plea, a JUDGMENT of GUILTY is hereby entered. Sentencing was held on the 12th day of October, 2001. Present at the sentencing were Assistant Attorney General **LEWIS W. LITTLEPAGE** for the People, Defendant and Defendant's counsel, **MARK SMITH, ESQ.**

**WHEREFORE, IT IS HEREBY ORDERED** that as to the offense of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)**, the Defendant, **JOSEPH TAITANO AGUON**, is hereby sentenced as follows:

1. That Defendant shall serve three (3) years imprisonment at the Department of Corrections, with credit for time served. Upon Defendant's release, he shall be placed under special parole for a period of three (3) years;

2. That Defendant shall pay a fine of fifteen thousand dollars ($15,000.00), plus Court costs, to be paid to the Drug Treatment and Enforcement Fund, pursuant to 9 GCA § 80.31.1, and to be paid monthly over the parole period. Defendant shall pay no less than $50.00 per month starting at a date determined by parole. If financially unable to pay a fine, said fine may be converted to community service hours at a rate of $5.15 per hour;

3. That Defendant shall perform one hundred fifty (150) hours of community service work at the direction of the Parole Board during the three (3) years parole period. That the Defendant shall perform no fewer than five (5) hours of community-service work each month starting at a date determined by parole. That the Defendant shall

JUDGMENT - JOSEPH TAITANO AGUON
CF431-01/GPD Report No.
PAGE 3

receive two (2) hours credit of community service for each one (1) hour of counseling completed by the Defendant;

4. That Defendant shall enroll and attend a drug rehabilitation program at the Department of Mental Health and Substance Abuse or any other drug rehabilitation program approved by the Superior Court; However, That during his confinement, **Defendant shall attend and successfully complete the Residential Substance Abuse Treatment (RSAT) Program at the Department of Corrections, Mangilao.** Defendant shall follow all recommendation of the counselors;

5. That Defendant shall report to the Parole Services Division within forty-eight (48) hours of his release from incarceration for intake and processing; and

6. That in addition to the standard conditions imposed by the Parole Board and the Parole Services Division, the Defendant shall comply with the conditions of parole specified in 9 GCA § 80.80, and the following conditions are recommended to the Parole Board:

   A. Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by the Court after assessment at the Department of Mental Health and Substance Abuse at no cost to the Defendant. Defendant shall diligently report within two weeks from either his release from the Department of Corrections or his

guilty plea whichever is the latter;

B. Defendant shall report to the Parole Office once per week or as recommended by that office in person, and at that time will take a weekly drug test if requested. Failure to take a weekly drug test, if requested, will be considered a violation of parole. Defendant will report to parole for his initial intake within two working days of his release from the Department of Corrections or his guilty plea, whichever is the latter;

C. Defendant shall perform one hundred fifty (150) hours of community service work at the direction of the Parole Office;

D. Defendant stipulates to forfeit any contraband and cash seized to the Guam Police Department for Drug Training, and all other non-contraband personal items will be returned to the Defendant;

E. Defendant shall not associate with any persons known to him as felons;

F. Defendant shall stay away from all firearms and other deadly weapons, and under no circumstances is he to possess, carry, transfer, or use any firearms;

G. Defendant shall forfeit his Guam Firearm Identification Card if he possesses one and shall not reapply for one in the event he does not possess one;

H. Defendant is to surrender his passport, if any, to the Parole Office;

I. Defendant shall not leave Guam without the approval of the Court or Parole Board, with prior notice being given to the Office of the Attorney General, Prosecution Division;

J. Defendant shall not possess or consume any illegal controlled substances;

K. Defendant shall submit to random drug testing under the supervision of the Parole Office;

L. Defendant shall not consume any alcoholic beverages;

M. Defendant shall submit to random alcohol testing under the supervision of the Parole Office;

N. Defendant shall permit Parole Officers or police officers to search his person, automobile, and residence or room where he is residing, for firearms, alcohol, and illegal controlled substances at any time such a search is requested. Failure to allow such a search will be considered a violation of parole. Defendant and his attorney stipulate that a presumptive positive field test for drugs, including the Roche Cup or On Tract Test Systems, will be considered conclusive evidence of a parole violation;

O. Defendant shall make good faith efforts to obtain and maintain legal employment or continue in

school;

P. Defendant shall obey all federal and local laws of Guam; and

Q. Defendant shall abide by any other reasonable conditions imposed by the Court or the Parole Board.

7. The People will not move to revoke Defendant's current probation, in Criminal Cases No. CF846-96, CF913-98, and CF914-98.

8. Failure of the Defendant to follow all of his conditions of parole will result in a hearing to revoke parole at which time the Court may impose the *maximum* penalty allowable under the statute charged.

A hearing for **FURTHER PROCEEDINGS** will be held on the December 13, 2001, at 4:00 p.m.

**SO ORDERED, *NUNC PRO TUNC*,** on the 12th day of October, 2001, this _____ day of __NOV 05 2001__, 2001.

Original Signed By:
Hon. Alberto C. Lamorena III

HONORABLE ALBERTO C. LAMORENA, III
PRESIDING JUDGE
SUPERIOR COURT OF GUAM

Submitted by:

LEWIS W. LITTLEPAGE
Assistant Attorney General

Dated: October 12, 2001

Approved as to form:

MARK SMITH, ESQ.
Attorney for Defendant

Dated: 10/31/01

## CERTIFICATE OF SERVICE

I, RENATE A. DOEHL, hereby certify that a true and exact copy of the foregoing document was duly mailed and/or hand-delivered to the following on July 18, 2005:

RUSSELL C. STODDARD
First Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA


STEPHEN GUILLIOT
U.S. Probation Officer
U.S. Probation Office
Districts of Guam and NMI
2nd Floor, U.S. District Court

DATED: Mongmong, Guam, July 18, 2005.

RENATE DOEHL
Operations Administrator

KIM SAVO
Attorney for Defendant